UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

                                         CRIMINAL  NO. 24-cr-20177

        v.                           HON. MATTHEW F. LEITMAN

ALI KAIN,

    Defendant.

_____/


## MOTION TO MODIFY SPECIAL CONDITIONS OF SUPERVISION


Defendant Ali Kain moves for the modification of the special condition of supervision stated in paragraph one, page five, of the Judgment in a Criminal Case dated April 13, 2026. The proposed modification also impacts the condition stated in paragraph two below it. For the reasons stated below, the requirement that Mr. Kain continue to reside in a Residential Reentry Center (RRC) for the balance of the 180-day term begun on May 6, 2026 should be ended. The remaining balance of that time can be added to that time stated in paragraph 2 of the special conditions for service under the Location Monitoring program, if the Court so

determines. This would permit Mr. Kain to work at his business and address the serious issues now manifested in his absence.

The relief sought is even more critically necessary and urgently needed now than it was when warning signs triggered the undersigned's letter to the Court dated June 6, 2026.

Over the course of the proceedings leading to the sentencing hearing, the defendant demonstrated the unusual nature and commercial risks of the multi-party, multi-national vehicle shipping business, where shipping and transactions take months to complete. The defense expressed that Kain was the only person capable of managing the frenetic and complex operation. At sentencing, we believe that the Court understood this reality. It sought to fashion a sentence that would address the crimes as well as minimize potential damage to the employees and the business.

Hence the Court's determination to impose conditions that permitted Kain's release for work at the business during the entire one- year period that the special conditions of supervision were in effect. However, Kain has been prevented from returning to his business to work by the policy of the Bureau of Prisons which operates the RCC. While permitting work outside the facility, it does not allow a

resident to work at his former business during his residence. This policy is apparently inflexible.

At the status conference on July 12, 2026, the Court indicated that it was unaware of the policy at the time of sentencing. The Court confirmed that the RCC would continue and not modify its policy for Mr. Kain's circumstances. This necessitates this request to the Court seeking modification of the special condition of supervision and termination of RCC supervision. We believe that the probation officer has confirmed for the court that Kain has followed all RCC rules.

Unfortunately, and rapidly, the business has declined, is imperiled and already has suffered significant damage without the daily physical presence of Ali Kain. Disclosure of sensitive proprietary information here may cause even more injury. Further specific data can be detailed if the court requires. However, to provide proof of the necessity and urgency for Kain's presence please note the following specific and general issues among others.

- Collections, always a challenge, are at an all-time low. Customers are taking advantage of Mr. Kain's absence and lack of collection pressure.

- Billing errors that would otherwise be caught have caused losses as well

- SOS's largest and most significant creditor requires serious attention after declaring a default and issuing mandatory and extremely ambitious required repayment plan on June 30, 2026. Only Kain has a relationship with this creditor.

- Costly logistical and operational mistakes occur at higher rates for lack of discipline and quality control, such as vehicles getting shipped to wrong destinations leading to financial losses.

- Lost Fed Ex packages carrying vehicle titles used for shipment. Lack of supervision and experience prevented timely discovery and resolution damaging customers and imperiling future business.

- Last month a $65,000 Lexus disappeared after it was picked up in New Jersey by a car hauler who was subcontracted by a Texas trucking company originally hired by SOS (Kain's company) to deliver the vehicle to Savannah Georgia. The vehicle was delivered instead to a residential area in the Bronx, New York. Two weeks went by before the staff noticed the "error" and it is now nearly impossible to recover the car and the staff lacks experience in what is most likely a complicated future legal action over what is likely a stolen car.

- Employees have loaded and shipped to ports containers of recalled and hybrid cars not subject to export requiring return from ports and reloading proper vehicles at significant loss of time and expense.

In summary, in Mr. Kain's absence, employees are in need of a hands on floor manager and leader to guide them on the fly in real time.

Meanwhile, customers and vendors are unable to contact Kain in the customary manner in which the business has been conducted with resulting negative consequences and complaints about bad service are at a high rate.

We ask the Court  to terminate the commitment to the RCC provided in paragraph one of the Special Conditions of Probation and the remainder of the period be served through participation in the Location Monitoring program.

Dated: July 15, 2026                    Respectfully submitted,

/s/ Robert E. Forrest

Robert E. Forrest (P32733)
4961 Malibu Drive
Bloomfield Hills, MI 48302
Rforrestnu71@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned, served on counsel of record, via the automated Electronic Filing system a Copy of the Defendant's Motion and Memorandum for Modification of Special Conditions of Supervision

Dated:

July 15, 2026                                    /s/ Robert E. Forrest ((32733)

4861 Malibu Drive

Bloomfield Hills, MI 48302

Rforrestnu71@gmail.com