UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,        Case No. 24-cr-20177
               Hon. Matthew F. Leitman
v.

ALI KAIN,

   Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE (ECF No. 41)

On April 9, 2025, Defendant Ali Kain pleaded guilty in this Court pursuant to a Rule 11 Plea Agreement to one count of filing a materially false federal corporate income tax return and one count of willfully failing to collect, account for, and pay certain payroll taxes to the IRS. (*See* Plea Agmt., ECF No. 21.) The Court imposed its sentence on April 13, 2026. (*See* Judgment, ECF No. 37.) As part of that sentence, the Court ordered Kain to serve a three-year term of supervised release. (*See id.*, PageID.467.) In addition to the standard terms of supervised release, the Court also imposed several special conditions of supervision. (*See id.*, PageID.469.) Relevant here, those special conditions included the following requirements:

> 1. You must reside in a Residential Reentry Center (RRC) for 180 days. You must follow the rules and regulations of the center. You shall pay subsistence cost associated with placement. While at the RRC, you shall be allowed to earn social time, if you are in compliance with all facility

1

criteria and probationary standards. The defendant shall report to the designated RRC no earlier than May 2, 2026.

2. After completing your time in the RRC, you shall participate in the Location Monitoring Program for a period of 180 days using GPS technology and shall abide by all technology requirements. The participant shall follow all program rules and pay the costs of participating in the location monitoring program, including equipment loss and damage, as directed by the court and/or the officer. Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligation; or other activities as pre-approved by the probation officer.

(*Id.*)

On July 15, 2026, Kain filed a motion to modify his conditions of supervised release. (*See* Mot., ECF No 41.)  In that motion, Kain asks the Court to "end[]" the requirement that he "continue to reside in a Residential Reentry Center," and he says that the Court could add the "remaining balance" of the time that he was ordered to reside at the re-entry center to his period of location monitoring as set forth in paragraph two of the special conditions. (*Id.*, PageID.499.)  The Government does not oppose Kain's motion. (*See* Resp., ECF No. 43.)

For the reasons stated in the motion, the motion is **GRANTED**.  The special condition included in paragraph one in the list of special conditions requiring Kain to reside at a residential re-entry center is deleted from the Court's judgment.  In its place, paragraph two in the list of special conditions is modified such that (1) Kain

2

shall immediately begin participation in the location monitoring program and home detention as provided in that paragraph and (2) Kain shall participate in the location monitoring program and home detention for a period of 300 days.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3